

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

~~XXXXXXXXXXXXX~~IRD
ATTORNEY GENERAL

Honorable Thos. A. Wheat
County Attorney
Liberty County
Liberty, Texas

Dear Sir:

Opinion No. O-1795
Re: Must a person who is charged with
being insane be present in the
court during the lunacy hearing?

    Your request for an opinion on the above stated question has been received by this department.

    Your letter reads in part as follows:

    "The County Clerk of Liberty County, Texas, has submitted to me the question as to whether or not a person who is alleged to be insane, who is in an insane hospital in the City of Galveston, Texas, can be tried in a lunacy proceeding in the County Court of Liberty County, Texas, in the absence of the accused or rather the person charged to be insane.

    ". . ."

    A lunacy inquisition is a proceeding instituted by the state primarily for the purpose of determining the question as to whether an alleged lunatic should be confined because of his danger to, and the safety of, society. This proceeding is wholly statutory. The court trying the case has only such authority as expressly given or clearly implied by the statutes, and the alleged incompetent has the right to insist on a strict compliance with every form prescribed for his protection.

    The procedure for adjudging one not charged with crime to be a person of unsound mind and providing for his restraint is solely through the county courts; and although the state is a party to such an inquiry,, the character of the proceeding is essentially civil. See Tex. Juris. Vol. 24, p. 388.

House Bill No. 249, Chapter 174, Acts of the 39th Legislature, 1925, which is brought forward in Vernon's Annotated Civil Statutes as Articles 3190 to 3193-o, inclusive, was an act providing for the care, restraint, diagnosis, and treatment of persons who are insane, mentally or or mentally defective; providing for regulating and for the operation of public institutions and hospitals for such persons; providing for the necessary officers, agents, agencies and employees for such purpose and to administer and enforce the laws relating to such persons; providing for sustenance and maintenance; providing for education and research relating to such person; providing for psychopathic research relating to such person; providing for the adjudication of insanity or mental sickness or defect, the commitment and restraining persons so afflicted; prescribing rules and regulations and defining offenses in connection with the care and treatment of such person; providing the necessary funds and fixing necessary salaries to carry out the purposes of the act; repealing provisions of the Revised Civil Statutes and all other laws in conflict therewith; and declaring an emergency.

Senate Bill No. 259, Chapter 446, Acts of the 45th Legislature, 1937, was an act providing for a uniform method for trial of persons of unsound mind and defining the status of contracts which such person might have entered prior to court judgment of incompetency and providing for the apprehension, arrest, and trial of persons not charged with criminal offense, alleged to be of unsound mind by filing an information under oath before a county judge or justice of the peace and the issuance of the warrant of arrest thereon and return thereof to the county judge; providing for the setting of the time and place for the hearing of said complaint and for notice thereof to such persons; providing for the summoning of the jury to hear and determine the issues to be submitted in said cause; providing for a procedure for determining and adjudicating the restoration to sound mind; providing for the protection of those dealing with persons of unsound mind who have not been so adjudicated; providing that this act shall not affect any court action or proceeding and that if any section, clause, or provision of this act shall be declared to be invalid, such holding shall not affect any other section, clause or provision thereof; and further providing that the act shall be cumulative of Articles 5550 to 5561, both articles inclusive, of the 1925 Revised Civil Statutes of Texas; violating proceedings, orders, and judgments of county or probate courts adjudicating certain persons to be of unsound mind, and declaring an emergency. This act is brought forward in Vernon's Annotated Civil Statutes as Article 5561a. This statute supersedes the statutes brought forth in Chapter 174, Acts of the 39th Legislature, supra, providing for the adjudication of insanity or mental sickness or defects and now must be followed in cases for the adjudication of insanity.

Sections 1 and 2 of Article 5561a, Vernon's Civil Statutes, reads as follows:

"Section 1. If information in writing under oath be given to any county judge that any person in his county, not charged with

a criminal offense, is a person of unsound mind, and that the welfare of either such person or any other person or persons requires that he be placed under restraint, and such county judge shall believe such information to be true, he shall forthwith issue a warrant for the apprehension of such person, or, if such like information be given to any justice of the peace in such county, said justice may issue a warrant for the apprehension of said person, making said complaint and warrant returnable to the county court of said county, and said county judge in either event shall fix a time and place for the hearing and determination of the matter, either in term time or in vacation, which place shall be either at the court house of the county or at the residence of the person named, or at any other place in the county, as the county judge may deem best for such hearing. Notice of the time, place and purpose of such hearing shall be served upon the person charged, such notice to be under the hand and seal of the clerk of said county, and served and returned by the sheriff, and the return to state the time and place of service. Such notice shall be served not less than three days prior to the day of the hearing.

"Sec. 2. The warrant provided for herein shall run in the name of 'The State of Texas,' and shall be directed to the sheriff or any constable of the county, and the officer receiving same shall forthwith take into custody the person named therein, and at the designated time and place shall have him and the return of said warrant before the county judge for examination and trial."

Section 2 of Article 5561a, supra, specifically provides that the warrant provided for in the statute shall run in the name of the State of Texas, and shall be directed to the sheriff or any constable of the county, and the officer receiving the same shall forthwith take into custody the person named therein, and at the designated time and place shall have him and the return of said warrant before the county judge for examination and trial. Therefore, you are respectfully advised that it is the opinion of this department that a defendant in a lunacy proceeding must be present and before the court during the lunacy proceeding.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

APPROVED JAN 12 1940
s/ W/F/Moore
FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS
By
s/ Ardell Williams
Ardell Williams
Assistant